# Clifford Chance

**BY ECF**

Honorable Denise L. Cote  February 27, 2026
United States District Judge, SDNY
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:  United States v. Benjamin Taylor, S7 18 Cr. 184 (DLC)**

Dear Judge Cote:

I represent Benjamin Taylor in the above-referenced criminal case, and I respectfully submit this letter to provide Your Honor with an update on the status of the case and to request a court conference to schedule entry of a guilty plea and sentencing.  The Government joins in this request.

The indictment charges Mr. Taylor with participating in a scheme from 2012 through 2018 to misappropriate material non-public information regarding listed securities from Mr. Taylor's employer and to provide that information to co-conspirators so that they could facilitate trading in those securities.  A parallel civil proceeding, *SEC v. Benjamin Taylor*, 19 Civ. 9744 (JLR), is pending before Judge Rochon.

In September 2018, Mr. Taylor was arrested in Monaco on these charges.  However, after Mr. Taylor had been detained for nearly two months in Monaco, the Government's extradition request was denied and Mr. Taylor was released.  Since that time, Mr. Taylor,

**Clifford Chance US LLP**

Two Manhattan West · 375 9th Avenue · New York, NY 10001
Tel +1 212 878 8000 · Direct Dial +12128783051 · celeste.koeleveld@cliffordchance.com · cliffordchance.com

1

**Clifford Chance**

**Clifford Chance US LLP**

who is a French citizen, has resided in France. Because France does not extradite its citizens, the United States has not sought his extradition from France.

Seeking to put the past behind him and accept responsibility for his conduct, Mr. Taylor has resolved to come to the United States voluntarily to plead guilty to the criminal charges and to settle the parallel SEC proceeding.[1] To that end, Mr. Taylor has entered into a plea agreement with the Government whereby Mr. Taylor will plead guilty to Count One of the indictment, which charges him with conspiracy to commit securities fraud and fraud in connection with a tender offer, in violation of Title 18, United States Code, Section 371.[2]

In connection with the plea agreement, Mr. Taylor has stipulated to (or agreed not to contest) the core factual allegations in the indictment. Those uncontested facts result in a stipulated guidelines range of 30-37 months. However, the Government has agreed not to seek a sentence greater than 366 days of imprisonment (less the two months Mr. Taylor served in Monaco), while the defense will advocate for a sentence of time served.

Given that Mr. Taylor resides in France and will be traveling from France to New York to be arraigned and enter a guilty plea, Mr. Taylor respectfully requests that the arraignment, plea proceeding, and the sentencing proceeding occur on the same date and without the preparation of a presentence investigation report. If, prior to sentencing, Mr. Taylor provides the Court with sufficient information regarding the nature and circumstances of the offense and his history and personal characteristics such that the Court could meaningfully exercise its sentencing discretion without the preparation of the presentence report, the Government has no objection to this request.

---

[1] On February 17, 2026, Judge Rochon entered Final Judgment in the SEC proceeding. Dkt. No. 19 Civ. 9744 (JLR), ECF 122.

[2] We will provide a copy of the signed plea agreement to Your Honor's chambers.

# Clifford Chance

Clifford Chance US LLP

To ensure that Your Honor has a sufficient record on which to base a fair and just sentence, *see* Fed. R. Crim. P. 32(c)(1)(A)(ii), Mr. Taylor's sentencing submission would include detailed information about his personal background and family circumstances, education, employment history, and financial means. Furthermore, Mr. Taylor's submission would be filed sufficiently in advance of the proposed joint plea and sentencing proceeding to allow the Government adequate time to respond. The parties therefore propose that Mr. Taylor file his sentencing submission six weeks before the proceeding, and that the Government respond three weeks later, that is, three weeks before the proceeding, to allow the Court sufficient time review the submissions in advance of sentencing.

In light of the foregoing, the parties respectfully request a conference with the Court to discuss scheduling of the entry of a guilty plea and sentencing.

Respectfully submitted,

Celeste L.M. Koeleveld


cc:     AUSA Andrew Thomas