UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Deferred Prosecution Agreement** |
| v. | No. S7 18 Cr. 184 (DLC) |
| DARINA WINDSOR, | |
| Defendant. | |

TO: Darina Windsor

On September 9, 2019, Indictment S7 18 Cr. 184 (DLC) (the "Indictment") was filed in the Southern District of New York, in which you are accused of committing offenses against the United States, to wit, conspiracy to commit securities fraud and fraud in connection with a tender offer, in violation of Title 18, United States Code, Section 371; conspiracy to commit wire fraud and securities fraud, in violation of Title 18, United States Code, Section 1349; securities fraud, in violation of Title 15, United States Code, Section 78j(b) and 78ff; fraud in connection with a tender offer, in violation of Title 15, United States Code, 78n(e) and 78ff; wire fraud, in violation of 18 U.S.C. § 1343; and securities fraud, in violation of Title 18, United States Code, Section 1348.

As you have indicated that you intend to voluntarily resolve related civil charges with the Securities and Exchange commission in *SEC v. Benjamin Taylor*, et al., 19 Civ. 09744 (JLR), and, as part of that resolution agree to disgorge $50,000 representing your trading profits and to pay $50,000 in penalties, it has been determined that the interest of the United States of America and your own interests will be best served by deferring prosecution in this District. Accordingly, if, (i) by May 1, 2026 you voluntarily appear in the United States to be presented and arraigned on the current charges and to affirm your commitment to this agreement before the U.S. District Court for the Southern District of New York; (ii) resolve the *SEC v. Taylor* matter and, as part of that resolution, agree to disgorge at least $50,000 and to pay $50,000 in penalties; and (iii) commit no new crimes prior to your appearance before the Court, then this prosecution will be deferred, the Speedy Trial Act will be tolled, the statute of limitations will be waived during the term of your good behavior, and this prosecution will conclude by dismissal of the Indictment upon your satisfactory compliance with the terms of this agreement for the period of one year (the "Term") from the signing of this agreement. The Government will not object to you appearing by video for your initial appearance and arraignment consistent with Rule 5(g) and Rule 10(c) of the Federal Rules of Criminal Procedure. It is understood, however, that the District Court has discretion to require your presence at any proceeding.

The terms and conditions constituting your good behavior and satisfactory compliance are as follows:

(1) During the Term, you shall be released on your recognizance.

(2) You shall refrain from the violation of any law (federal, state, and local). You shall immediately contact your U.S. Pretrial Services Officer if arrested or questioned by a law-enforcement officer.

(3) You shall associate only with law-abiding persons.

(4) During the Term you may continue to reside abroad or, if permitted by applicable immigration law, you may reside in the United States. During any part of Term for which you are in the United States, you will alert your U.S. Pretrial Services Officer to your presence and report to your U.S. Pretrial Services Officer as directed.

(5) No later than the expiration of the Term, you shall satisfy all outstanding financial obligations arising from your settlement in *SEC v. Taylor*, 19 Civ. 09744 (JLR).

(6) The United States Attorney may discharge you from supervision at any time. The United States Attorney may at any time proceed with the prosecution for these offenses should the United States Attorney, in his or her sole discretion, determine that you have violated the terms and conditions of this agreement.

(7) If upon completion of Term you have complied with all the rules, regulations and conditions and special conditions applicable to your deferred prosecution, no further prosecution will be instituted in this District for the above offenses, whether contained in Indictment S7 18 Cr. 184 (DLC) or in an underlying indictment, and the Government will move to dismiss the Indictment and all underlying indictments in this case with prejudice.

It is understood that this agreement and the terms and conditions set forth herein are limited to the specific facts and circumstances of this case and lack precedential value.

This agreement supersedes all prior understandings, promises and discussions between this Office and you or your counsel. No additional promises, agreements, and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is further understood that this agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Dated:   New York, New York
         February 9, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   _____
      Andrew Thomas
      Assistant United States Attorney

2

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and any other pertinent provisions of the United States Code, and consents to the adjournment of all pending proceedings in this case. The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed. It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated:    New York, New York
          February 9, 2026

_____
Paul H. Schoeman, Esq.
Attorney for Defendant

_____
Darina Windsor
Defendant

Pursuant to 18 U.S.C. §3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated:    New York, New York
          April 2, 2026

_____
Honorable Denise L. Cote
United States District Judge

3