# Moelis

**Osamu Watanabe**
*General Counsel*



July 2, 2026

Honorable Denise L. Cote
United States District Judge, SDNY
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Benjamin Taylor, S7 18 Cr. 184 (DLC)</u>

Your Honor,

Moelis & Company LLC ("Moelis") seeks restitution for (i) $25,000, as a fraction of pecuniary losses suffered by Moelis from Benjamin Taylor's theft of Moelis property and (ii) $327,918.34 in legal fees Moelis incurred in participating in the investigation and prosecution of Benjamin Taylor by the US Attorney's Office for insider trading and the related Securities and Exchange Commission ("SEC") investigation.

Mr. Taylor was an employee of Moelis who in 2012 and 2013 stole from Moelis highly confidential information concerning an upcoming sale of a public company. Moelis was hired by that company to advise on the sale. Mr. Taylor disclosed that confidential information to persons who (i) used that information to buy stock in the company and (ii) then publicly disclosed that information causing the stock price to increase following which the insider traders sold their stock for an illegal profit. Mr. Taylor received for Moelis stolen information and information he stole from at least one other investment bank "over $1 million of benefits, including cash, hotel rooms and dinners, luxury watches and expensive clothes" according to US Attorney's indictment (S7 18 Cr. 184 (VSB), paragraph 20), filed September 9, 2019, against Mr. Taylor and his co-defendant. Mr. Taylor profited from the theft of Moelis information in violation of securities laws, Mr. Taylor's employment agreement with Moelis, Moelis' contractual obligations to its client and Moelis' code of conduct, compliance policies and compliance training. The persons who traded on the information Mr. Taylor stole from Moelis on one deal alone made over $1 million according to the US Attorney's indictment (S7 18 Cr. 184 (VSB), paragraph 18(a)), filed September 9, 2019, against Mr. Taylor and his co-defendant.

Moelis' Pecuniary Losses

Moelis suffered direct pecuniary losses from Mr. Taylor stealing Moelis' highly confidential information. Moelis' business relies on our clients' trusting in our keeping their confidential transactions confidential. Mr. Taylor's criminal conduct, which was widely reported, harmed that trust. Moelis cannot overstate the value of that trust that we spend our careers building. Moelis spends tens of millions of dollars each year protecting its confidential information, including on IT

1

# Moelis

security, compliance surveillance, and mandatory training.  It is difficult to estimate the amount of Moelis' direct pecuniary losses.  So Moelis seeks $25,000, as a fractional recovery of its direct pecuniary losses, as recognition of and proxy for Moelis' larger losses.  We seek that amount as a very conservative estimate of a portion of the value Mr. Taylor received for selling the information he stole from Moelis.

The Mandatory Victims Restitution Act of 1996 ("MVRA") requires defendants convicted of a listed range of offenses (which includes Mr. Taylor's insider trading) to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).

In <u>United States v. Avenatti</u>, 81 F.4th 171, 208 (2d Cir. 2023), the Second Circuit summarized its approach as follows:
"In ordering restitution under the MVRA, a court must consider two distinct questions: (1) does the MVRA apply in the case at hand; and, if so, (2) what is compensable as restitution?
See, e.g., United States v. Razzouk, 984 F.3d 181, 186-90 (2d Cir. 2020) (considering first whether MVRA applied to conviction and then whether loss was correctly calculated).  As to the first question, the MVRA authorizes restitution only when (1) a defendant is being sentenced for a specified crime including, as relevant here, a Title 18 "offense against property," 18 U.S.C. § 3663A(c)(1)(A)(ii) [39] ; and (2) "an identifiable victim or victims has suffered a physical injury or pecuniary loss," id. § 3663A(c)(1)(B)."  The Avenatti case involved a claim for restitution of attorney's fees by sportswear leader Nike against defendant Avenatti who was convicted of transmitting extortionate communications in interstate commerce to Nike, attempted Hobbs Act extortion of Nike, and honest-services wire fraud of the client whom defendant was purportedly representing in negotiations with Nike.

As stated above, Mr. Taylor's crime involves stealing property (Moelis' confidential information) from Moelis.

The Second Circuit continued:
"On that point, the MVRA states, as pertinent here, that "in the case of an offense resulting in ... loss ... of property," for which "return of the property ... is impossible," a restitution order shall require the defendant to pay the victim "the value of the property" on either the date of loss or the date of sentencing, whichever is greater. Id. § 3663A(b)(1)."

<u>Moelis' Related Legal Fees</u>

Moelis also seeks restitution for $327,918.34 in legal fees Moelis incurred in participating in the investigation and prosecution of Benjamin Taylor by the US Attorney's Office for insider trading and the SEC's related investigation.  Moelis "retaining outside legal counsel to review documents

2

# Moelis

requested by the government in the course of its investigation and prosecution and to address concerns over confidentiality and privilege was necessary to [Moelis'] participation in the investigation and prosecution of defendant." (quoting from United States v. Avenatti, 81 F.4th 171, 208 (2d Cir. 2023).  We attach the invoices from outside counsel. Moelis notes that in participating in the US Attorney's investigation, Moelis was able to find and provide to the US Attorney emails between Mr. Taylor and his co-defendant that the US Attorney used as evidence of Mr. Taylor's insider trading.

In United States v. Avenatti, 81 F.4th 171, 208 (2d Cir. 2023), the Second Circuit stated: "In addition, and "in any case," the MVRA mandates that a restitution order require the defendant to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." Id. § 3663A(b)(4). Such "`other expenses' may include attorneys' fees," United States v. Afriyie, 27 F.4th at 163, but only if incurred during participation in a government investigation or prosecution of the offense or attendance at criminal proceedings related to the offense, see Lagos v. United States, 138 S. Ct. at 1690 (holding that § 3663A(b)(4) does not cover costs of private investigation or attendance at civil proceedings); accord United States v. Afriyie, 27 F.4th at 171 (holding § 3663A(b)(4) to reference criminal investigation)."

Moelis' attorney's fees here were incurred in participating in the investigation and prosecution of Benjamin Taylor by the US Attorney's Office for insider trading and the related SEC investigation. So United States v. Avenatti, 81 F.4th 171, 208 (2d Cir. 2023) is applicable and dictates that Moelis is entitled to restitution of its attorney's fees.  The decision in Lagos v. United States, 584 U.S. 577, 585 (2018) is not applicable because in Lagos the attorney's fees were incurred in a private investigation and not like here, an investigation and prosecution by the US Attorney's Office.

Sincerely,
Moelis & Company LLC

Osamu Watanabe
General Counsel

cc: Andrew Thomas, Assistant United States Attorney
Kelly Rua, Securities and Exchange Commission
Celeste L.M. Koeleveld, Clifford Chance (attorney for Mr. Taylor)
celeste.koeleveld@cliffordchance.com